IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| U.S. CRANE & RIGGING, INC., | ) |
| | ) |
| Plaintiff, | ) Case No. 7:22-cv-481 |
| | ) |
| v. | ) |
| | ) By: Michael F. Urbanski |
| EC SOURCE SERVICES, LLC, | ) Chief United States District Judge |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This case involves a state law breach of contract claim by U.S. Crane & Rigging, Inc. ("US Crane") against EC Source Services, LLC ("EC"). US Crane originally filed this case in the Circuit Court for Giles County, Virginia. ECF No. 8. EC subsequently removed it to this court. ECF No. 1. US Crane now seeks to remand this case back to state court. ECF No. 8. The issue of removal was fully briefed by the parties and the court heard argument on November 23, 2022. At this hearing, the court determined that the EC's notice of removal insufficiently pled diversity of citizenship. EC moved to amend its notice of removal to resolve the issue of complete diversity, ECF No. 15. In granting this motion to amend, the court specified that it would rule on the motion to remand, ECF No. 8, based on the briefing and argument already submitted. ECF No. 16. For the following reasons, US Crane's motion to remand is **GRANTED**.

I.

In April 2017, EC entered into a contract with US Crane to lease a crane for its jobsite in the Giles County area. ECF No. 8-1, at 2. US Crane alleges that after three months of use,

EC improperly operated the crane by "overspeeding its engine causing a total engine failure." ECF No. 9, at 2. US Crane replaced the engine and EC used the crane for the remainder of the lease period. ECF No. 8, at 4. US Crane alleges that EC's agents promised numerous times to pay for the engine replacement but then refused to do so. ECF No. 9, at 3.

In July 2022, US Crane filed a complaint against EC in the Giles County Circuit Court, seeking to recover the balance of the invoices. ECF No. 8, at 1. US Crane claims that, exclusive of interest, EC owes US Crane a total of $76,817.25. ECF No. 9, at 3. EC filed a notice of removal based on diversity of citizenship in August 2022, ECF No. 1-3, and clarified the citizenship of the parties in its amended notice of removal, ECF No. 15, at 3.

US Crane filed a motion to remand the case back to the Giles County Circuit Court on September 15, 2022, arguing that remand is proper due to the contract's forum selection clause. Id. Paragraph nine, which includes the forum selection clause, states in its entirety:

> 9. Rental/payments – Lessee agrees to pay all rentals incurred during the Term or any extension thereof without deduction for equipment down-time, or for surrender of the equipment prior to the expiration of the minimum term or for any other reason, except as otherwise authorized by Lessor in writing. Lessee shall pay all rentals to Lessor at the address designated herein. Lessee agrees to pay invoices in full upon receipt, plus finance charges of 1 and ½ percent per month on all sums not paid within 30 days from the invoice date, together with reasonable attorney's fees [a]ssociated with the collection of any overdue monies including, without limitation, every level of appeal and post-judgment enforcement. <u>As to any disputes arising between Lessee and Lessor, both parties agree to jurisdiction and exclusive venue in Giles County, Virginia and that Virginia law shall apply to any such dispute</u>. The parties further waive any right to a trial by jury, and such dispute hereunder shall be resolved before the court sitting without a jury. The Lessee agrees to pay for all costs of Lessor's associated with collecting the debt at the rate of $150 an hour.

ECF No. 9, at 6-7 (emphasis added).

## II.

Federal courts have original jurisdiction over cases in which complete diversity exists and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996). A corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 559 U.S. 77, 80-81 (2010). The citizenship of a limited liability company, or LLC, "is determined by the citizenship of all of its members." Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011).

"A defendant may remove any action from a state court to a federal court if the action could have originally been brought in federal court." Yarnevic v. Brink's, Inc., 102 F.3d 753 (4th Cir. 1996) (citing 28 U.S.C. § 1441)). Courts have a "duty to construe removal jurisdiction strictly and resolve doubts in favor of remand." Palisades Collections LLC v. Shorts, 552 F.3d 327, 336 (4th Cir. 2008).

A defendant may "waive its right to remove an action to federal court via a valid and enforceable forum selection clause that mandates a state court as the forum for a case." Abbington SPE, LLC v. U.S. Bank, Nat'l Assoc., 352 F. Supp. 3d 508, 514 (E.D.N.C. 2016) (internal quotes omitted), aff'd per curiam 698 F. App'x 750 (4th Cir. 2017); see Foster v. Chesapeake Ins. Co., 933 F.2d 1207, 1216-18 (3d Cir. 1991).

Where a forum selection clause provides for "'exclusive jurisdiction and venue' in the courts 'in' a county," venue is proper in both "state and federal courts located in that county." Simonoff v. Expedia, Inc., 643 F.3d 1202, 1207 (9th Cir. 2011). However, where there is no

3

federal courthouse within the specified county, the plain language of such a forum selection clause grants exclusive venue to the state court in that county. Bartels by & through Bartels v. Saber Healthcare Grp., LLC, 880 F.3d 668, 674 (4th Cir. 2018).

Federal courts generally enforce forum selection clauses unless it is unreasonable to do so. See Albemarle Corp. v. AstraZeneca UK Ltd., 628 F.3d 643, 649 (4th Cir. 2010) ("When parties to a contract confer jurisdiction and venue on a particular court, as a general matter federal common law directs courts to favor enforcement of the agreement, so long as it is not unreasonable.") (citing The Bremen v. Zapata Off–Shore Co., 407 U.S. 1, 15-18 (1972)).

"This presumption of enforceability, however, only applies if the forum selection clause is mandatory rather than permissive." See BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin., 884 F.3d 463, 470 (4th Cir. 2018), cert. denied, 139 S. Ct. 209 (2018). Forum selection clauses are mandatory if they contain "specific language of exclusion." Id. at 472 (citing IntraComm, Inc. v. Bajaj, 492 F.3d 285, 290 (4th Cir. 2007)).

A forum selection clause is unreasonable if "(1) [its] formation was induced by fraud or overreaching; (2) the complaining party will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state." Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996) (internal quotations omitted) (first citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991); then citing The Bremen, 407 U.S. at 12-13, 15, 18).

4

In the removal context, "the plaintiff must bear the burden of demonstrating that the defendant waived its right to remove an otherwise removable case by agreeing to a forum-selection clause." Bartels, 880 F.3d at 681.

### III.

While the court has original jurisdiction, remand is proper as EC waived its right to remove this case by agreeing to the contract's forum selection clause.

#### A. Original Jurisdiction Exists

The court has diversity jurisdiction over this case, as it is completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. As the court held in its January 3, 2023 order, there is complete diversity in this case. ECF No. 16, at 2. EC's amended notice of removal clarifies that US Crane is a citizen of Virginia, as it is both incorporated in and has its principal place of business in the commonwealth. ECF No. 15, at 3. EC is a citizen of Florida, as its sole member, MasTec Inc., is both incorporated in and has its principal place of business in Florida. Id.; see also 28 U.S.C. § 1332(c)(1).

The amount in controversy threshold is also satisfied. While US Crane's original complaint sought only $74,999.99 in compensatory damages, US Crane also seeks attorney's fees. ECF No. 9, at 4. Attorney's fees may be included in the amount-in-controversy calculation "if the fees are provided for by contract." Francis v. Allstate Ins. Co., 709 F.3d 362, 368 (4th Cir. 2013). The contract here provides for attorney's fees in two places: paragraphs nine and eighteen. ECF No. 9, at 6-7, 9-10. Paragraph nine states, in relevant part, that "[l]essee agrees to pay . . . reasonable attorney's fees [a]ssociated with the collection of any overdue monies, including, without limitation, every level of appeal and post-judgment

5

enforcement." Id. at 6-7. Paragraph eighteen provides that "[i]f Lessor institutes any proceeding to enforce this lease or any provision thereof, it shall be entitled to recover all court costs, including, but not limited to, reasonable attorney's fees regardless of whether or not such action is prosecuted to final judgment." Id. at 10. No matter the attorney pay rate, instituting this suit has undoubtedly pushed the amount in controversy from the $74,999.99 claimed over the $75,000 threshold. Furthermore, the complaint states that "the outstanding balance due to US Crane, exclusive of interest and attorney's fees, under this contract is $76,817.25." Based solely on the plaintiff's original complaint, the amount in controversy exceeds $75,000 and satisfies this jurisdictional threshold.

Furthermore, in removal cases, "the amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 87 (2014). EC, in its notice of removal, alleges that the amount-in-controversy exceeds $75,000. ECF No. 1, at 2-3. US Crane does not contest this allegation in its motion to remand, ECF No. 8, and the court does not question it now.

### B. EC Waived its Right to Remove This Case

US Crane moves to remand this case, contending that EC waived its right to remove disputes to federal court by agreeing to the contract and the forum selection clause contained therein. ECF No. 8, at 4. US Crane's straightforward argument is correct. As paragraph nine of the contract requires "exclusive venue in Giles County, Virginia" for disputes arising under the contract, ECF No. 9, at 6, it is a mandatory forum selection clause, see BAE Sys. Tech.

6

Sol. & Servs., Inc., 884 F.3d at 470. Therefore, it is presumed enforceable unless it is unreasonable. Id.

In Bartels, representatives for former assisted living residents sued the operators of a Franklin County assisted living facility for breach of contract in state court in Franklin County, North Carolina. 880 F.3d at 671-72. The defendants removed the action to the federal district court encompassing Franklin County. Id. at 672. The plaintiffs moved to remand, arguing that the defendants were "contractually precluded from removing the action," id., due to a clause in the residency agreement stating that "the county in which the Facility is located shall be the sole and exclusive venue for any dispute between the parties." Id. at 674. The Fourth Circuit held that, because there was no federal courthouse located in Franklin County—where the facility was located—the "plain language of the forum-selection clause compels" remand. Id. at 674. The language of the contract between US Crane and EC contains similar language, providing "exclusive venue in Giles County, Virginia." ECF No. 9, at 6. Because there is no federal courthouse in Giles County, Virginia, enforcement of this forum selection clause requires remand.[1]

EC makes two arguments against remand: (i) that EC lacked notice of the forum selection clause and (ii) that enforcement of the forum selection clause would deprive EC of its day in court and violate public policy. While neither argument is convincing, each is discussed in turn.

### i. Notice

---

[1] The court takes judicial notice of the fact that the seven federal courthouses in the Western District of Virginia are in the independent cities of Roanoke, Harrisonburg, Charlottesville, Lynchburg, and Danville, as well as in Washington and Wise Counties.

A forum selection clause may involve fraud or overreaching when a party lacked notice of it. See, e.g., Turfworthy, LLC v. Dr. Karl Wetekam & Co. KG, 26 F. Supp. 3d 496, 507 (M.D.N.C. 2014). Adequate notice indicates that the party "presumably retained the option of rejecting the contract with impunity." Carnival Cruise Lines, Inc., 499 U.S. at 595.

EC argues that it lacked reasonable notice because the contract did not sufficiently emphasize the clause by setting it apart in its own, specifically titled paragraph. ECF No. 10, at 5. This argument fails. "That the notice could have been clearer does not mean that the [contract] was insufficiently communicative." Lousararian v. Royal Caribbean Corp., 951 F.2d 7 (1st Cir. 1991).

A party has notice of a forum selection clause where it had "ample opportunity to become informed" of the terms of the contract. Turfworthy, LLC, 26 F. Supp. at 507 (holding that a party received sufficient notice when they agreed to the standard terms and conditions which incorporated by reference a forum selection clause); see also Estes Express Lines v. Whatman Hardwoods, No. 3:19-CV-278 (DJN), 2019 WL 2273847, at *7 (E.D. Va. May 28, 2019) (holding that short-form bills of lading that alluded to additional terms such as the forum selection clause provided sufficient notice). By contrast, where parties are denied the opportunity to become informed about the existence of a forum selection clause, they lack reasonable notice. See Star Techs., LLC v. Gillig LLC, No. CIV.A. 3:12-1720, 2012 WL 5194072 at *3 (S.D.W. Va. Oct. 19, 2012) (holding that a party lacked sufficient notice when there was "no evidence" that the opposing party had "ever received pages listing . . . the forum selection clause"); Electroplated Metal Sols., Inc. v. Am. Servs., Inc., 500 F. Supp. 2d 974, 976 (N.D. Ill. 2007) (holding that a party lacked sufficient notice when it "never had the

8

opportunity to review—indeed was never even aware of—the forum selection clause"). Furthermore, "a party signing a written contract has a duty 'to inform himself of its contents before executing it,'" "and in the absence of fraud or overreaching he will not be allowed to impeach the effect of the instrument by showing that he was ignorant of its contents or failed to read it.'" Sydnor v. Conseco Financial Servicing Corp., 252 F.3d 302, 306 (4th Cir. 2001) (quoting Corbett v. Bonney, 202 Va. 933, 938, (1961)). EC cannot argue that it lacked the opportunity to be informed of the terms of a seven-page contract, ECF No. 9, at 5-11, that it negotiated, signed, and presumably read. ECF No. 8, at 5.

The additional cases EC cites in its opposition to remand only serve to illustrate why the notice it received was sufficient. In McNair v. Monsanto Co., only the parties who had not signed agreements with Monsanto lacked notice of the forum selection clause. 279 F. Supp. 2d 1290, 1303-04 (M.D. Ga. 2003). EC is far more similar to the parties who had signed agreements and therefore had notice. Id. at 1300-02. In Effron v. Sun Line Cruises, Inc., a "clear and unambiguous" forum selection clause was valid, even when written in "fine print" on the back of a cruise ticket. 67 F.3d 7, 9 (2d Cir. 1995); see also Carnival Cruise Lines, Inc., 499 U.S. at 590 (declining to analyze notice, as respondents conceded that the forum selection clause in fine print on a ticket provided sufficient notice). Here, the forum selection clause is clear, unambiguous, and easily visible, even if sandwiched between other clauses in the contract. Therefore, EC had adequate notice of the forum selection clause.

### ii. EC's Day in Court & Public Policy Considerations

EC next contends—without citing any authority—that denying remand is necessary to allow EC its day in court and for various public policy considerations.

First, EC argues that remanding this case back to Giles County Circuit Court would deprive EC of its day in court due to prejudice it would suffer as a large, foreign corporation defending itself against a local company with a significant presence in the region. ECF No. 10, at 5-6. If such bias exists, it is mitigated by the contract's requirement that any disputes be resolved "before the court sitting without a jury." ECF No. 9, at 6. Further, EC's motion does not sufficiently show bias. See Pub. Util. Dist. No. 2 of Grant Cnty. v. Illinois Emps. Ins. of Wausau, 15 F.3d 1088, at *3-4 (9th Cir. 1994) (unpublished table decision) (holding that a defendant has a "heavy" burden in "demonstrating that a lack of impartiality" by local jurors "would deny it a meaningful day in court," a burden not met without empirical evidence of bias in the local jury pool). Denying remand based solely on these unsubstantiated fears of bias would directly contradict The Bremen, which warned against denying enforcement of forum selection clauses due to "a provincial attitude regarding the fairness of other tribunals." 407 U.S. at 1914.

Next, EC argues that it would be "gravely inconvenient" to proceed in Giles County instead of Roanoke City, as its witnesses and corporate representatives would need to travel longer distances. ECF No. 10, at 6. In Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996), the parties were held to their contract provision specifying the United Kingdom as the forum. If litigating across the Atlantic was not sufficiently inconvenient, it is difficult to see how litigating in Giles County—approximately sixty miles from the defendant's preferred venue in Roanoke City—could be.

Finally, EC contends that remand would be inconsistent with this court's "public policy of allowing corporate parties access to federal courts for an efficient disposition of legal

10

disputes." ECF No. 10, at 7. This concern does not justify overriding The Bremen's instruction that "a freely negotiated private . . . agreement, unaffected by fraud, undue influence, or overweening bargaining power . . . should be given full effect." 407 U.S. at 1914-15.

## IV.

Because the parties' contract contains an enforceable and mandatory forum selection clause, US Crane's motion to remand, ECF No. 8, is **GRANTED**.

An appropriate Order will be entered.

Entered: February 6, 2023

Digitally signed by Michael F. Urbanski    Chief U.S. District Judge
Date: 2023.02.06 18:20:06 -05'00'

Michael F. Urbanski
Chief United States District Judge